

# Fourth Court of Appeals

## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-14-00286-CR

Kevin **BATTS**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 437th Judicial District Court, Bexar County, Texas
Trial Court No. 2013CR4824
Honorable Dick Alcala, Judge Presiding

Opinion by:     Patricia O. Alvarez, Justice

Sitting:          Rebeca C. Martinez, Justice
                Patricia O. Alvarez, Justice
                Luz Elena D. Chapa, Justice

Delivered and Filed:  December 10, 2014

AFFIRMED AS REFORMED

On March 11, 2014, a jury found Appellant Kevin Batts guilty of possession of cocaine, four grams or more but less than 200 grams. The same jury acquitted Batts on a second charge of possession of cocaine with intent to deliver. The trial court subsequently found both of the State's enhancement allegations to be true and sentenced Batts to twenty-five years' confinement in the Institutional Division of the Texas Department of Criminal Justice. On appeal, Batts contends his trial counsel provided ineffective assistance and the trial court erred in assessing attorney's fees. Because the record supports Batts is indigent, we reform the judgment to remove the award of

attorney's fees; however, because Batts failed to prove his defense counsel's conduct was unreasonable and not a sound trial strategy, we affirm the trial court's judgment as reformed.

## INEFFECTIVE ASSISTANCE OF COUNSEL

During the State's presentation of the evidence, the jury was informed that drugs were discovered during Batts's arrest on a parole violation. Batts concedes that, because the drugs were found in the back seat of a patrol car, his parole violation was necessary to explain why he was in the back seat of a police car. Thus, the State was permitted to present evidence that he was arrested on a parole violation warrant. Batts insists, however, that his counsel's stipulation to other testimony regarding his alleged parole violation and counsel's description of him during closing argument as a "convicted felon" were both inadmissible and prejudicial amounting to ineffective assistance of counsel.

## A.      Standard of Review

In order to establish that trial counsel rendered ineffective assistance, Batts must "establish two components by a preponderance of the evidence: deficient performance of trial counsel and harm resulting from that deficiency that is sufficient to undermine the confidence in the outcome of the trial." *Ex parte Moore*, 395 S.W.3d 152, 157 (Tex. Crim. App. 2013) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)); *accord Menefield v. State*, 363 S.W.3d 591, 592 (Tex. Crim. App. 2012). To establish the first prong, deficient performance, Batts must prove that his attorney's performance "'fell below an objective standard of reasonableness' under prevailing professional norms and according to the necessity of the case." *Ex parte Moore*, 395 S.W.3d at 157 (quoting *Strickland*, 466 U.S. at 687–88). To establish harm, Batts "must demonstrate that he was prejudiced by his attorney's performance or that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Id*. at 158 (quoting *Strickland*, 466 U.S. at 694).

"An appellate court looks to the totality of the representation and the particular circumstances of each case in evaluating the effectiveness of counsel." *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). "There is a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance." *Id*. Therefore, Batts "'must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy.'" *Ex parte Moore*, 395 S.W.3d at 157 (quoting *Strickland*, 466 U.S. at 689).

"A substantial risk of failure accompanies an appellant's claim of ineffective assistance of counsel on direct appeal." *Thompson*, 9 S.W.3d at 813. "In the majority of instances, the record on direct appeal is simply undeveloped and cannot adequately reflect the failings of trial counsel." *Id*. at 813–14. "[T]rial counsel should ordinarily be afforded an opportunity to explain his actions before being denounced as ineffective." *Rylander v. State*, 101 S.W.3d 107, 111 (Tex. Crim. App. 2003). In the absence of a developed record, we will not "speculate as to the reasons why trial counsel acted as he did, rather [we] must presume that the actions were taken as part of a strategic plan for representing the client." *Rodriguez v. State*, 336 S.W.3d 294, 302 (Tex. App.—San Antonio 2010, pet. ref'd). Moreover, an "appellate court should not find deficient performance unless the challenged conduct was 'so outrageous that no competent attorney would have engaged in it.'" *Menefield*, 363 S.W.3d at 593 (quoting *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005)).

## B.    Arguments of the Parties

Batts contends that his trial counsel committed unprofessional errors by stipulating to inadmissible and prejudicial testimony that Batts was arrested for violating parole. Batts also maintains that counsel's use of the term "convicted felon" during closing argument, in reference to Batts, prejudiced the jury against him.

**C.     Analysis**

Prior to the start of the State's case, the prosecutor notified the trial court that she intended to inform the jury that the narcotics were discovered during Batts's arrest on a parole violation. She assured the trial court that she would neither "go into any of his offenses" nor inquire why Batts was on parole. Defense counsel promptly agreed to stipulate that Batts was on parole but reiterated that the defense did not want the jury informed of the underlying charges. More specifically, counsel explained that he wanted the jury to understand that the violations that produced the warrant were only technical violations and that Batts had not been arrested for any new violations. The prosecutor agreed to the stipulation.

*1.     Statements and Testimony in Question*

Several officers testified that a parole-violation warrant was issued and that Batts was arrested due to technical violations of his parole. San Antonio Police Detective Timothy Esp testified that on the night in question, he and his partner, Officer Arturo Dominguez, were dispatched to Batts's residence regarding an active arrest warrant for Batts violating his parole. Batts was arrested without incident and frisked for any weapons. Batts was placed in the back seat of the patrol vehicle. Both officers testified that the back seat of the vehicle was checked for any contraband at the beginning of each shift and Batts was the only individual in the back seat of the patrol vehicle that evening.

Detective Esp testified that he remembered Batts squirming around in the back seat and Batts telling the officers that he "wanted to lie down and take a nap." Shortly after Detective Esp took Batts into the jail, Officer Dominguez reported to Detective Esp that he located contraband in the back seat of the patrol car—in the area right behind where the small of Batts's back would have been.

## 2. *Alleged Deficient Performance*

During cross-examination, Batts's counsel asked whether "a violator of parole, [is] someone who's already been convicted of a crime, right?" He further described Batts as a "convicted felon" during closing argument. Batts contends both the question and the description of Batts were unprofessional errors that prejudiced his case.

Batts relies on *Victor v. State*, 995 S.W.2d 216, 223 (Tex. App.—Houston [14th Dist.] 1999, pet. ref'd), for the proposition that although Batts's arrest was relevant and admissible for the limited purpose of same transaction contextual evidence under evidentiary rule 404(b), the underlying reason for the arrest was not. However, Batts contends his defense counsel's broad stipulation that Batts was arrested on a "parole-violation" and "gratuitously" reminding the jury that Batts was a convicted felon was clearly deficient performance. *See Ex parte Moore*, 395 S.W.3d at 157. Batts continues that no sound trial strategy could evolve from eliciting parole violation evidence given the inherent prejudicial nature of the extraneous offense evidence and the fact that the evidence would not have been otherwise admissible. *See Stone v. State*, 17 S.W.3d 348, 352–54 (Tex. App.—Corpus Christi 2000, pet. ref'd).

We remain mindful that "'an appellate court commonly will assume a strategic motivation if any can possibly be imagined, and will not conclude the challenged conduct constituted deficient performance unless the conduct was so outrageous that no competent attorney would have engaged in it.'" *Bone v. State*, 77 S.W.3d 828, 833 n.13 (Tex. Crim. App. 2002) (quoting *Garcia v. State*, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001)).

Here, Batts concedes that the fact he was being arrested on a previous warrant would come out during the testimony. Defense counsel clearly articulated his concern to the trial court that he wanted the jury to understand that Batts was being arrested for a technical violation, and not because he had committed an offense. Yet, during cross-examination, defense counsel also

attempted to use the same information to his advantage. He argued that because Batts was on parole and being arrested based on a parole-violation, the officers would have taken extra precautions. Specifically, based on the underlying warrant and concern for officer safety, the officers would have conducted an extensive pat-down prior to placing Batts in the back seat of the patrol car. Counsel's use of "convicted felon" to describe Batts was in relation to this argument. Counsel argued that because Batts was arrested on a parole violation warrant and such warrant would have increased officer safety concerns and precautions, Batts did not, and could not, have had the contraband on his body when he was placed in the back of the patrol car. We cannot say that this is not a reasonable trial strategy. *See Ex parte Moore*, 395 S.W.3d at 157.

**D.      Conclusion**

Upon review of the entire record, we conclude Batts failed to affirmatively demonstrate his ineffective assistance of counsel claims. *See id.*; *Freeman v. State*, 125 S.W.3d 505, 506–07 (Tex. Crim. App. 2003); *Thompson*, 9 S.W.3d at 813. The record reflects that defense counsel conducted extensive cross-examination of all the witnesses and his questions led to argument against the contraband being on Batts's person prior to being placed in the back seat of the patrol car.

The fact that other counsel may have tried the case differently does not show ineffective assistance. *Bone*, 77 S.W.3d at 833. To the contrary, we are bound by the strong presumption that defense counsel's conduct was reasonable and professional and could be considered sound trial strategy. *Id.* Batts's claims are not firmly founded in the record and we will not engage in retrospective speculation. *Id.* at 835; *Jackson v. State*, 877 S.W.2d 768, 771 (Tex. Crim. App. 1984) (holding appellate court will not indulge in speculation concerning trial counsel's decision-making process); *see also Ex parte Moore*, 395 S.W.3d at 157. We conclude that Batts failed to show counsel's performance was deficient; therefore, we need not address prejudice. *See Garcia*, 57 S.W.3d at 440.

Accordingly, we overrule Batts's issue related to ineffective assistance of counsel.

### ATTORNEY'S FEES

Batts contends that he was represented by appointed counsel and that such appointment is evidence of his inability to pay attorney's fees as court costs. The State concedes the award of attorney's fees was erroneous.

The record before this court does not contain an affidavit of indigency for appointment of counsel before the trial. *See* TEX. CODE CRIM. PROC. ANN. art. 26.05(g) (West Supp. 2014); *Wiley v. State*, 410 S.W.3d 313, 317 (Tex. Crim. App. 2013). Yet, the record establishes that court-appointed counsel represented Batts at trial and on appeal. Accordingly, this court concludes that Batts was indigent and unable to afford counsel. *See Wiley*, 410 S.W.3d at 317 (explaining a defendant previously found indigent is presumed to remain indigent); *Cates v. State*, 402 S.W.3d 250, 251 (Tex. Crim. App. 2013) ("[A] 'defendant who is determined by the court to be indigent is presumed to remain indigent for the remainder of the proceedings in the case unless a material change in the defendant's financial circumstances occurs.'") (quoting TEX. CODE CRIM. PROC. ANN. art. 26.04(p)). The trial court, therefore, erred in assessing attorney's fees against Batts.

### CONCLUSION

Because Batts failed to prove his defense counsel's conduct was unreasonable and not a sound trial strategy, we cannot conclude his counsel's performance was deficient. *Bone*, 77 S.W.3d at 833. Accordingly, we reform the judgment and bill of costs to delete Batts's requirement to pay attorney's fees, and we affirm the trial court's judgment as reformed.

Patricia O. Alvarez, Justice

DO NOT PUBLISH